IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NORMAN J. PATTON,        | : | CIVIL NO. 3:CV-04-2233 |
|     Plaintiff | : | (Judge Munley) |
| | : | |
| v. | : | |
| | : | |
| THOMAS DORAN, ET AL.,    | : | |
|     Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM AND ORDER

Norman J. Patton, a former inmate at the Clinton County Prison, originally filed this action on October 8, 2004. An amended complaint was filed on October 13, 2004. (Doc. 2). Presently pending are the motion to dismiss pursuant to FED. R. CIV. P. 12(b) filed on behalf of Defendants Duran, Motter, Harkey, Kyle, Bossert, Yost, McKnight, Ankney, Edwards and Frederick(Doc. 5) and motion to dismiss pursuant to FED. R. CIV. P. 12(b) filed on behalf Defendant Greenburg. (Doc. 23). For the reasons set forth below, the motion to dismiss filed on behalf of Duran, Motter, Harkey, Kyle, Bossert, Yost, McKnight, Ankney, Edwards and Frederick will be granted in part and denied in part and Defendant Greenburg's motion will be granted.

I. Factual background.

Patton alleges that on October 9, 2002, while he was incarcerated at the Clinton County Prison he fell from an unprotected upper bunk bed and broke his left arm. He seeks to impose liability on Defendants Duran, Motter, and Harkey, and the prison board members, Kyle, Bossert, Yost, McKnight, Ankney, and Edwards based upon the absence of safety

equipment on upper bunks which would prevent such a fall.

Following his fall from the bunk, Patton was taken to the local hospital emergency room. He was treated by an orthopedic surgeon, Dr. Davis, who performed a reduction on the broken arm, and discharged Patton to the prison with a prescription for pain medication. Patton alleges that the pain medication was not given to him by Defendant Frederick, a prison nurse.

On October 17, 2002, he was again seen by Dr. Davis. The doctor was concerned about a "non-union" of his left arm. He prescribed a brace, which was to be made at Lock Haven Hospital, and discharged Patton to the Clinton County Prison. Upon his return to the prison, Patton alleges that Frederick commented that "Lock Haven Hospital did not do this work." (Doc. 2, p. 6). There was then a two-week delay from the time the brace was prescribed to when the order for the brace was placed. This resulted in a four-week wait for the brace. Patton alleges that by the time the brace was received, any healing benefit of the brace was lost. As a result, Patton was required to have two surgeries to correct the non-union. The first surgery took place on January 9, 2003, and the second one occurred on May 9, 2003. Patton alleges that all Defendants are responsible for the inadequate medical treatment received while he was at the Clinton County Prison.

II. Motions to Dismiss.

A. Standard of Review.

When evaluating a motion to dismiss, the court must accept all material allegations of

the complaint as true and construe all inferences in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). The court assumes the truth of plaintiff's allegations, and draws all favorable inferences therefrom. See, Rocks v. City of Philadelphia, 868 F. 2d. 644, 645 (3d. Cir.1989). A complaint should not be dismissed for failure to state a claim unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 44-46 (1957); Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988). A complaint that sets out facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. Estelle v. Gamble, 429 U.S. 97, 107-108 (1976).

B. Discussion.

1. Exhaustion of administrative remedies.

Defendants move to dismiss the complaint for failure to exhaust administrative remedies pursuant to 42 U.S.C. §1997(e)a. However, as correctly noted by Patton, the exhaustion requirement does not apply to Patton as he is a former inmate. See, Ahmed v. Dragovich, 297 F.3d 201, 210 (3d Cir. 2002). The motions will be denied on this ground.

2. Conditions of confinement claim.

In order to state an Eighth Amendment claim, Patton must have alleged facts that, if proven, would show that prison officials acted with "deliberate indifference" toward conditions at the prison that created a substantial risk of serious harm. Farmer v. Brennan, 511 U.S. 825, 834 (1994). This test involves both an objective and subjective component.

3

The objective component requires an inmate to show that the alleged deprivation is "sufficiently serious." Farmer, 511 U.S. at 834 (citations omitted). As the Supreme Court explained in Farmer, "[t]he inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." Id. To satisfy the subjective component, an inmate must show that prison officials had "a sufficiently culpable state of mind." Id. (citations omitted). "In prison-conditions cases that state of mind is one of 'deliberate indifference' to inmate health or safety." Id. (citations omitted). Although the deliberate indifference standard "describes a state of mind more blameworthy than negligence," this standard is satisfied if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 835, 837.

Also, it is well established that claims brought under § 1983 cannot be premised on a theory of *respondeat superior*. Id. Rather, each named defendant must be shown, *via* the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. See Rizzo v. Goode, 423 U.S. 362 (1976); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976). As explained in Rode:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

Rode, 845 F.2d at 1207. There is no question that Patton seeks to impose liability on

4

Defendants Duran, Harkey and Motter based on their supervisory roles as he alleges no personal involvement. The conditions of confinement claim against these Defendants is therefore subject to dismissal. However, even if the Court were to "infer" personal involvement, as suggested by Patton, the claim would still be subject to dismissal. Failing to install safety rails on an upper bunk of a set of bunk beds that is to be exclusively utilized by adults does not constitute a condition which would pose an unreasonable risk of future injury.

As concerns the members of the prison board, Patton fails to allege, with appropriate particularity, that these Defendants participated in, or had actual knowledge of the alleged wrong. The claim against them is also subject to dismissal.

3. Deliberate indifference to medical care claim.

Defendants move to dismiss the second count of the complaint on the ground that Patton fails to state a claim of deliberate indifference. "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." Farmer, 511 U.S. at 827 citing Helling v. McKinney, 509 U.S. 25 (1993); Wilson v. Seiter, 501 U.S. 294 (1991); Estelle, 429 U.S. 97. An inadequate medical care claim, as is presented here, requires allegations that the prison official acted with "deliberate indifference to serious medical needs" of the plaintiff, while a prisoner. Estelle, 429 U.S. at 104; Unterberg v. Correctional Medical Systems, Inc., 799 F. Supp. 490, 494-95 (E.D. Pa. 1992). The official must know of and disregard an excessive risk to inmate health or safety. Farmer, 511 U.S. at 837. "[T]he official must both be aware of facts from which the

inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. "The question . . . is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial 'risk of serious damage to his future health.'" Farmer, 511 U.S. at 843. This test "affords considerable latitude to prison medical authorities in the diagnosis and treatment of the medical problems of inmate patients. Courts will 'disavow any attempt to second guess the propriety or adequacy of a particular course of treatment . . . which remains a question of sound professional judgment.'" Little v. Lycoming County, 912 F.Supp. 809, 815 (M.D. Pa) aff'd, 103 F.3d 691 (1996), citing Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754,762 (3d Cir. 1979), quoting Bowring v. Godwin, 551 F.2d 44, 48 (4th Cir. 1977).

Furthermore, a complaint that a physician or a medical department "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment . . ." Estelle, 429 U.S. at 106. More than a decade ago, the Third Circuit ruled that "while the distinction between deliberate indifference and malpractice can be subtle, it is well established that as long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights." Brown v. Borough of Chambersburg, 903 F.2d 274, 278 (3d Cir. 1990). "A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice." Estelle, 429 U.S. at 107.

Where an inmate is provided with medical care and the dispute is over the adequacy of

that care, an Eighth Amendment claim does not exist. <u>Nottingham v. Peoria</u>, 709 F.Supp. 542, 547 (M.D.Pa. 1988). Disagreement among individuals as to the proper medical treatment does not support an Eighth Amendment claim. <u>Monmouth County Correctional Inst. Inmates v. Lensario</u>, 834 F.2d 326, 346 (3d Cir. 1987). Only flagrantly egregious acts or omissions can violate the standard. Mere medical malpractice cannot result in an Eighth Amendment violation, nor can any disagreements over the professional judgment of a health care provider. <u>White v. Napoleon</u>, 897 F.2d 103, 108-10 (1990).

Patton attempts to impose liability on Dr. Greenburg solely on the ground that he "failed to adequately supervise the Clinton County Prison Medical Department." (Doc. 2, ¶ 40). As established above, claims brought under § 1983 cannot be premised on a theory of *respondeat superior*. Rather, each defendant must be shown, *via* the complaint's allegations, to have been personally involved in the events or occurrences which underlie the claim. Patton fails to set forth a single allegation that would lead the court to conclude that Dr. Greenburg was personally involved in the alleged wrong.

Conversely, Patton specifically alleges that Defendant Frederick denied him pain medication. He also alleges that Defendant Frederick was responsible for the two-week delay in the ordering of his arm brace, and that the delay negated the effectiveness of the brace and caused him to undergo two surgeries. Plaintiff has sufficiently stated an eighth amendment claim of deliberate indifference to his medical needs against Defendant Frederick. This claim will proceed as to Defendant Frederick.

As concerns the non-medical defendants, if a prisoner is under the care of medical experts, a non-medical prison official cannot be considered deliberately indifferent. The allegations against the non-medical defendants are that they failed to properly supervise or make themselves aware of the need to properly supervise the medical department. When a prisoner is under the care of medical experts, as is the case here, a non-medical prison official will generally be justified in believing that the prisoner is in capable hands. As recently noted by the Third Circuit, "[t]his follows naturally from the division of labor within a prison. Inmate health and safety is promoted by dividing responsibility for various aspects of inmate life among guards, administrators, physicians, and so on. Holding a non-medical prison official liable in a case where a prisoner was under a physician's care would strain this division of labor. Moreover, under such a regime, non-medical officials could even have a perverse incentive not to delegate treatment responsibility to the very physicians most likely to be able to help prisoners, for fear of vicarious liability." Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004). Absent a reason to believe, or actual knowledge, that prison doctors or their assistants are mistreating, or not treating a prisoner, a non-medical prison official will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference. Id. Thus, dismissal of Patton's claim against Duran, Harkey and Motter and the members of the prison board is appropriate because Patton bears the burden pleading facts supporting the Defendants' mental states, see Singletary v. Pa. Dep't of Corr., 266 F.3d 186, 192 n. 2 (3d Cir.2001), and he has failed to so plead with respect to the non-medical

defendants.

    C. Conclusion.

Count one of the complaint will be dismissed in its entirety. Count two will be dismissed against all Defendants except Defendant Frederick.

An appropriate order will issue.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NORMAN J. PATTON, | : | CIVIL NO. 3:CV-04-2233 |
| Plaintiff | : | (Judge Munley) |
| | : | |
| v. | : | |
| | : | |
| THOMAS DORAN, ET AL., | : | |
| Defendants | : | |

## ORDER

AND NOW, to wit, this 20th day of September 2005, in accordance with the accompanying memorandum, **IT IS HEREBY ORDERED** that:

1. The motions to dismiss (Docs. 5, 23) are GRANTED as to Count One. Count One is dismissed in its entirety;

2. The motions are GRANTED as to Count Two with respect to all Defendants except Defendant Frederick;

3. Count Two of the complaint will proceed solely against Defendant Frederick;

4. Defendant Frederick shall file an answer to Count Two of the complaint within twenty days of the date of this order.

BY THE COURT:

_____
JUDGE JAMES M. MUNLEY
United States District Court